UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

KEITH LYNCH,

                    Defendant.

20-cr-202 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

The Court is in receipt of Keith Lynch's pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) ("Motion"). (See dkt. no. 129.)  The Government opposes.  (See dkt. no. 132.) Defendant did not file a reply.  For the reasons set forth below, the Motion is denied.

## I.    Background

The Court presumes familiarity with the facts of this case. As relevant here, on April 30, 2021, Defendant pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  Based on a total Offense Level of 27 and a Criminal History Category of VI, Defendant's Guideline range was calculated between 130 and 162 months.  (Dkt. no. 131 ¶ 67.)  However, because Count One carries a statutory maximum term of 120 months, Defendant was sentenced, on December 1, 2021, to a term of imprisonment of 120 months.   See U.S.S.G. § 5G1.1(a); (dkt. no. 111 at 2). To date, Defendant has served approximately 54 months of his sentence.

On February 29, 2024, Defendant moved to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), arguing that Amendment 821 of the November 1, 2023 Guidelines decreased his criminal history computation and reduced his sentence.  (See dkt. no. 129.)

## II.  Applicable Law

Section 3582(c)(2) permits a court to reduce a defendant's term of imprisonment if, after the defendant's sentencing date, the U.S. Sentencing Commission has lowered the defendant's sentencing range under the Guidelines.  See 18 U.S.C. § 3582(c)(2). In those circumstances, a court may lower a sentence only "if such a reduction is consistent with applicable policy statements issued by the [U.S.] Sentencing Commission."  Id.  The relevant policy statement for retroactive amendments to the Guidelines is § 1B1.10, which states that "[i]n a case in which a defendant is serving a term of imprisonment, and the [G]uideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)" but that "any such reduction in the defendant's term of imprisonment shall be consistent with [§ 1B1.10]."  See U.S.S.G. § 1B1.10(a)(1).

On November 1, 2023, the latest edition of the Guidelines went into effect.  As part of this update, the Guidelines included Amendment 821, Part A of which (a) reduced from 2 to 1 the number

2

of criminal history "status points" a defendant would receive if he committed the offense while under a separate criminal justice sentence, and (b) limited the receipt of an additional status point to defendants whose criminal history calculation in Guidelines §§ 4A1.1(a)-(d) already yielded 7 or more criminal history status points.  See United States v. Garcia, 19-CR-593 (KMW), 2024 WL 2830908, at *3 (S.D.N.Y. June 3, 2024); see also U.S.S.G. § 4A1.1(e).  Per Guideline § 1B1.10(d), Amendment 821 is applied retroactively, rendering a defendant who had been sentenced prior to the effective date of Amendment 821 eligible for a one-point reduction under § 4A1.1(e) as if it had been in effect at the time of his sentencing.  See U.S.S.G. § 1B1.10(d).

If the defendant is eligible for a sentence reduction, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such reduction is consistent with applicable policy statements issued by the [U.S.] Sentencing Commission." United States v. Martin, 974 F.3d 124, 136 (2d Cir. 2020) (citation omitted).

### III. Discussion

Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).  Even though Defendant correctly identifies that Amendment 821 decreases his criminal history score from 14 to 13, that adjustment does not reduce his Criminal History Category and therefore does not change his Guideline range.

That is, under the 2023 Guidelines, Defendant's range remains 130 to 162 months.  Moreover, and more importantly, Defendant was sentenced to a term of 120 months pursuant to the statutory maximum term.  Accordingly, recalculation of Defendant's "status points" does not change his sentence, and Defendant is ineligible for any reduction under 18 U.S.C. § 3582(c)(2).

**IV.  Conclusion**

Accordingly, Defendant's Motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.  The Clerk of Court shall close docket entry 129 in Case No. 20-cr-202 and mail a copy of this Order to Defendant.


**SO ORDERED.**

Dated:    October 24, 2024
          New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge

4